**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTURO CRUZ-SOLANO, | No. 08-70786 |
| Petitioner, | Agency No. A090-851-513 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
former Legalization Appeals Unit

Submitted August 10, 2010[**]

Before:     O'SCANNLAIN, HAWKINS, and IKUTA, Circuit Judges.

Arturo Cruz-Solano, a native and citizen of Mexico, petitions for review of

the former Legalization Appeals Unit's ("LAU") order dismissing his appeal from

the denial of his Special Agricultural Worker ("SAW") application.  We have

jurisdiction under 8 U.S.C. §§ 1160(e)(3) and 1252.  We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

discretion the denial of a SAW application, *Perez-Martin v. Ashcroft*, 394 F.3d 752, 758 (9th Cir. 2005), and review de novo due process claims, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petition for review.

The LAU did not abuse its discretion in dismissing Cruz-Solano's SAW appeal where Cruz-Solano provided insufficient evidence to establish as a matter of just and reasonable inference that his work for Ukegawa Brothers, Inc. occurred during the statutory time period. *See Perez-Martin*, 394 F.3d at 759-60 (to overcome derogatory government evidence, an applicant must provide enough evidence to show qualifying employment "as a matter of just and reasonable inference") (quoting 8 U.S.C. § 1160(b)(3)(B)(iii)). It follows that the LAU did not violate due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a due process violation).

**PETITION FOR REVIEW DENIED.**

08-70786